## POOL v. STEMBEL ET AL.

[No. 12,454.    Filed June 30, 1926.]

LANDLORD AND TENANT.—*Assignment of lease by lessee after he had abandoned possession and his interest therein was a nullity.*—An assignment of a lease of a farm after the lessee had abandoned his interest therein and turned the possession over to the landlord was a nullity, especially where the landlord had leased the land to another, and the assignee acquired no right in the crops raised thereon by the tenant.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by Roscoe W. Pool against Babcock and Babcock, in which the defendants filed an interpleader and Albert Stembel became a party defendant. From a judgment for Stembel, the plaintiff appeals. *Reversed.* By the court in banc.

*Hanley & Hanley,* for appellant.
*Emmett M. LaRue,* for appellees.

McMAHAN, P. J.—Complaint by appellant against appellees Babcock and Babcock for conversion and for money had and received. The defendants filed an interpleader alleging they had purchased a quantity of oats from James Whitehead, and that appellant and Albert Stembel were each claiming to be the owner of the oats and of the money owing therefor. Stembel became a party defendant and will hereafter be referred to as "appellee." From a judgment in favor of Stembel, appellant appeals.

In August, 1921, appellant was the owner of a 180-acre farm in Jasper county, and William Brandt was the owner of seventy-eight acres of land in Porter county. By a written contract, they agreed to exchange lands, Brandt agreeing to pay appellant a difference of

$7,000, in annual installments, the first of which was to be paid March 1, 1923. No deeds were to be made until Brandt had paid the $7,000. Appellant was given possession of the land in Porter county January 1, 1922, and, on the same day, Brandt was given possession of the Jasper county land. Brandt failed to pay any part of the $7,000, and about March 1, 1923, abandoned the farm in Jasper county and his contract with appellant, and moved to Michigan. It may be inferred from the evidence that before he abandoned the farm and the contract, he had entered into some sort of a lease with Whitehead and that the latter was to farm the place that year. After Brandt had defaulted in the payment of the installment due March 1, 1923, appellant notified Whitehead of that fact, and appellant and Whitehead entered into a verbal lease for the year 1923, whereby appellant was to receive two-fifths of the grain raised that year, appellant to pay two-thirds of the cost of the fertilizer used. The record does not show whether Brandt and Whitehead were both living on the farm in March, 1923. On April 12, 1923, Brandt had his household goods loaded in a car for transportation to Michigan. While these goods were in the car, they were levied on in an attachment proceeding on account of a note owing the estate of George O. Stembel, and which became due September 1, 1923. For the purpose of releasing his household goods from the attachment, Brandt signed an instrument by which he assigned all his right and interest in a lease between himself and Whitehead for the Pool farm for the year 1923. Whitehead had planted no crops of any kind prior to April 12, 1923. There is nothing in the record to show what interest Albert Stembel had in the property or how, if at all, he was connected with the estate of George O. Stembel. There is no proof that he was the executor or administrator of that estate, or that an executor or

administrator of this estate had ever been appointed. The oats in question were raised by Whitehead on the Pool farm in 1923. Appellee requested Whitehead to deliver the landlord's share of the oats to an elevator owned by him, but Whitehead informed him the oats belonged to appellant, and, at the direction of appellant, the oats were delivered to the Babcock elevator. After Brandt abandoned the property, appellant began an action and quieted his title thereto as against any claim of Brandt.

Brandt having abandoned the farm and contract, and the possession having been turned over to appellant, who thereafter leased it to Whitehead, Brandt's assignment of an alleged lease with Whitehead, which had been superseded by a lease between the owner of the legal title and Whitehead, transferred no right or title to the oats raised by Whitehead under and by virtue of the lease between appellant and Whitehead. The finding and judgment should have been for appellant.

Judgment reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.